IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CORINNE VERGO, Individually and on Behalf of All Others Similarly Situated** | **PLAINTIFF** |
| vs. | No. 1:20-cv-4703 |
| **KEEPER SECURITY, INC.** | **DEFENDANT** |

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Corinne Vergo ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorney Josh Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action against Keeper Security, Inc. ("Defendant"), she does hereby state and allege as follows:

### I.    JURISDICTION AND VENUE

1.    Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), and applicable administrative rules and regulations for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and all others similarly situated a proper overtime compensation for all hours that Plaintiff and all others similarly situated worked.

2. The United States District Court for the Northern District of Illinois has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Plaintiff's claims under the IMWL form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged herein; accordingly, this Court has supplemental jurisdiction over the IMWL claims pursuant to 28 U.S.C. § 1367(a).

4. Defendant conducts business within the State of Illinois, operating and managing a security company in Cook County.

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Illinois has personal jurisdiction over Defendant, and Defendant therefore "resides" in Illinois.

6. Plaintiff was employed by Defendant at its offices located in the Eastern Division of the Northern District of Illinois.

7. The acts alleged in this Complaint had their principal effect within the Eastern Division of the Northern District of Illinois, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. THE PARTIES

8. Plaintiff is a citizen of the United States and a resident and domiciliary of Lake County.

9. Defendant is a domestic, for-profit corporation.

10. Defendant's registered address for service is Darren S. Guccione, at 820 West Jackson Boulevard, Suite 400, Chicago, Illinois 60607.

11. Defendant maintains a website at https://www.keepersecurity.com/.

### III. FACTUAL ALLEGATIONS

12. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

13. Defendant has at least two (2) employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

14. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

15. At all relevant times herein, Defendant was an "employer" of Plaintiff and similarly situated employees within the meaning of the FLSA.

16. Plaintiff was employed by Defendant as a salaried employee from February of 2020 to July of 2020.

17. Specifically, Defendant employed Plaintiff as a Customer Success Manager.

18. Defendant also employed other Customer Success Managers.

19. Defendant classified Plaintiff and other Customer Success Managers as salaried employees, exempt from the overtime requirements of the FLSA.

20. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

21. At all relevant times herein, Defendant directly hired Customer Success Managers to work in its offices and/or to work remotely, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

22. As a Customer Success Manager, Plaintiff was responsible for maintaining, renewing and expanding the service provided to current clients, as well as training clients on using Defendant's products.

23. Other Customer Success Managers had similar duties to Plaintiff.

24. Plaintiff and other Customer Success Managers did not hire or fire any other employee.

25. Plaintiff and other Customer Success Managers were not asked to provide input as to which employees should be hired or fired.

26. Plaintiff and other Customer Success Managers did not exercise discretion or independent judgment as to matters of significance.

27. Defendant purported to pay Plaintiff a salary, but her pay was reduced when she took a day off.

28. Plaintiff regularly worked over forty hours in a one-week period.

29. Upon information and belief, other Customer Success Managers also regularly worked over forty hours in a one-week period.

30. Plaintiff and other Customer Success Managers were not paid overtime wages for hours worked over forty per week.

31. At all relevant times herein, Defendants have deprived Plaintiff and other Customer Success Managers of overtime compensation for all of the hours worked over forty (40) per week.

32. Defendants knew or showed reckless disregard for whether its actions violated the FLSA.

## IV. REPRESENTATIVE ACTION ALLEGATIONS

33. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

34. Plaintiff brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as similarly situated salaried employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

   A. Overtime premiums for all hours worked in excess of forty per week;

   B. Liquidated damages; and

   C. The costs of this action, including attorney's fees.

46. Plaintiff proposes the following class under the FLSA:

   **All Customer Success Managers in the last three years.**

47. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file written Consents to Join this lawsuit.

48. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and

continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

49. The proposed FLSA class members are similarly situated in that they share these traits:

A. They worked more than 40 hours in some weeks;

B. They had substantially similar job duties, requirements, and pay provisions;

C. They were misclassified by Defendant as exempt from the overtime requirements of the FLSA; and

D. They were subject to Defendant's common policy of failing to pay overtime wages for all hours worked over forty each week.

50. Plaintiff is unable to state the exact number of the class but believes that there are at least ten (10) other employees who worked as Customer Success Managers and were misclassified as salaried employees.

51. Defendant can readily identify the members of the Section 16(b) class, which encompasses all salaried Customer Success Managers.

52. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## V. FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

53. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

54. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

55. At all times relevant to this Complaint, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

56. At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

57. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

58. At all times relevant times to this Complaint, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

59. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each week.

60. Defendant's failure to pay Plaintiff all overtime wages owed was willful.

61. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI. SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

62. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

63. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

64. At all times relevant times to this Complaint, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

65. At all times relevant to this Complaint, Defendant misclassified Plaintiff and all others similarly situated as exempt from the overtime requirements of the FLSA.

66. Despite the entitlement of Plaintiff and those similarly situated to overtime payments under the FLSA, Defendant failed to pay Plaintiff and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

67. Defendant willfully failed to pay overtime wages to Plaintiff and to others similarly situated.

68. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

### VII. THIRD CAUSE OF ACTION
### (Individual Claim for Violation of IMWL)

69. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

70. Plaintiff asserts this claim for damages and declaratory relief pursuant to the IMWL, 820 ILCS 105/1, *et seq.*

71. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the IMWL, 820 ILCS 105/3.

72. IMWL, 820 ILCS 105/4a(1) requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 820 ILCS 104/4a(2).

73. Defendant failed to pay Plaintiff all overtime wages owed, as required under the IMWL.

74. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

75. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for monetary damages, liquidated damages, damages of 5% of the amount of underpayment for each month following the date of payment during which such underpayments remain unpaid, costs, and a reasonable

attorney's fee provided by the IMWL for all violations which occurred within the three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling. 820 ILCS 105/12.

76. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the IMWL, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Corinne Vergo, individually on behalf of all others similarly situated, respectfully prays as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B. A declaratory judgment that Defendant's practices alleged herein violate the FLSA, the IMWL, and their related regulations;

C. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

D. Judgment for damages for all unpaid overtime wage compensation owed under the FLSA;

E. Judgment for damages for all unpaid overtime wage compensation owed under the IMWL;

F. Judgment for liquidated damages pursuant to the FLSA;

G. Judgment for liquidated damages pursuant to the IMWL;

H. An order directing Defendant to pay Plaintiff and all others similarly situated prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

I. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**CORINNE VERGO, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

**SANFORD LAW FIRM, PLLC**
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com